**Derrick CLARK and Ambrose Woods, Individually and on Behalf of all Others Similarly Situated, Plaintiffs–Appellees,**

**United States of America, Intervenor,**

v.

**STATE OF CALIFORNIA, California Department Of Corrections, Pete Wilson, Governor;  Joseph Sandoval, Sec. of Youth & Corr.;  James Gomez, Director, Department of Corr.;  Kyle S. McKinsey;  Nadim Khoury, M.D., John Zil, Chief Psychiatric, Defendants–Appellants.**

No. 96–16952.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1997.

Decided Aug. 27, 1997.

---

William Jenkins and James M. Humes, Deputy Attorneys General, San Francisco, CA, for defendants-appellants.

Caroline N. Mitchell, Pillsbury Madison & Sutro, San Francisco, CA, Donald H. Spector, Prison Law Office, San Quentin, CA, for plaintiffs-appellees.

Seth M. Galanter, United States Department of Justice, Washington, DC, for intervenor United States of America.

Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.

GOODWIN, Circuit Judge:

The State of California appeals the denial of its motion to dismiss on the ground that the Eleventh Amendment bars this action against the state. Plaintiffs sued under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34 ("ADA"), and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("section 504" or "Rehabilitation Act"). We agree with the district court that both acts are valid exercises of Congress's power under Section 5 of the Fourteenth Amendment, and we affirm.

## JURISDICTION

■ This court has jurisdiction to hear an interlocutory appeal from an order denying a state's motion to dismiss on the ground of immunity under the Eleventh Amendment. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

## FACTS

Plaintiffs allege that they are a class of all individuals who have developmental disabilities, that they are incarcerated in correctional facilities operated by the State of California, and that they have suffered discrimination because of their disabilities. Plaintiffs seek injunctive relief under the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983 against the State of California and the named state officials in their official capacities. Plaintiffs allege in part that the defendants have discriminated against them based on their disabilities.

The State of California moved to dismiss the complaint, claiming immunity under the Eleventh Amendment to suits brought under the ADA and the Rehabilitation Act. The district court denied the motion, holding that Congress had validly abrogated the State's immunity. California now appeals.

## DISCUSSION

■ Under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court. U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Congress can, however, abrogate a state's immunity to suit, or the state can waive it. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 240–41, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985).

■ We first inquire whether Congress properly abrogated the immunity of the state from suit by applying *Seminole Tribe v. Florida*, — U.S. —, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The *Seminole Tribe* test contains two parts: "first, whether Congress has 'unequivocally expressed its intent to abrogate the immunity;' and second, whether Congress has acted 'pursuant to a valid exercise of power' " in abrogating the immunity. *Id.* at —, 116 S.Ct. at 1123 (quoting *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985)).

■ Here, Congress has unequivocally expressed its intent to abrogate the State's immunity under both the ADA and the Rehabilitation Act. Section 42 U.S.C. § 12202 of the ADA explicitly states, "A State shall not

be immune under the eleventh amendment." *See also Duffy v. Riveland,* 98 F.3d 447, 452 (9th Cir.1996). Similarly, 42 U.S.C. § 2000d–7(a)(1) of the Rehabilitation Act explicitly states, "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973." The only issue before this court, therefore, is whether Congress acted under a valid exercise of its power.

Under the Supreme Court's decision in *Seminole Tribe,* Congress "act[s] pursuant to a valid exercise of power" in abrogating the immunity if Congress enacts legislation pursuant to the enforcement clause of the Fourteenth Amendment. *Seminole Tribe,* —— U.S. at ——, ——, 116 S.Ct. at 1123, 1125. The parties agree that a statute is "appropriate legislation" to enforce the Equal Protection Clause if the statute "may be regarded as an enactment to enforce the Equal Protection Clause, [if] it is 'plainly adapted to that end' and [if] it is not prohibited by but is consistent with 'the letter and spirit of the constitution.'" *Katzenbach v. Morgan,* 384 U.S. 641, 651, 86 S.Ct. 1717, 1723–24, 16 L.Ed.2d 828 (1966).

▇▇▇ The Supreme Court has defined the Equal Protection Clause to mean "that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (internal quotations omitted). Congress's power to pass legislation under the Fourteenth Amendment is very broad. As the Supreme Court explained:

> Correctly viewed, § 5 is a positive grant of legislative power authorizing Congress to exercise its discretion in determining whether and what legislation is needed to secure the guarantees of the Fourteenth Amendment.

*Katzenbach,* 384 U.S. at 651, 86 S. Ct. at 1723–24. The Fourteenth Amendment gives Congress the same broad powers as does the Necessary and Proper Clause. *See id.* at 650, 86 S.Ct. at 1723. Congress's powers under the Fourteenth Amendment extend beyond conduct which is unconstitutional, and Congress may create broader equal protection rights than the Constitution itself mandates. *See id.* at 648–49, 86 S.Ct. at 1722–23.

▇▇▇ At the same time, Congress's powers under the Fourteenth Amendment are not unlimited. The Supreme Court retains the power to decree the substance of the Fourteenth Amendment's restrictions on the states, and Congress may not enlarge those rights. *City of Boerne v. P.F. Flores,* —— U.S. ——, ——, 117 S.Ct. 2157, 2166, 138 L.Ed.2d 624 (1997). Also, enforcement legislation must evidence a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end. *Id.* at ——, 117 S.Ct. at 2169. Congress acts within its authority under the Fourteenth Amendment if the court can perceive a basis upon which Congress might predicate a judgment that the state action "constituted an invidious discrimination in violation of the Equal Protection Clause." *Katzenbach,* 384 U.S. at 656, 86 S.Ct. at 1726.

The Supreme Court has previously held that the disabled are protected against discrimination by the Equal Protection Clause. *See City of Cleburne,* 473 U.S. at 450, 105 S.Ct. at 3259–60. Here, the purpose of both the ADA and section 504 of the Rehabilitation Act is to prohibit discrimination against the disabled. *See* 42 U.S.C. § 12101(b)(ADA); 29 U.S.C. § 701(b)(1)(F) (Rehabilitation Act). In both acts, Congress explicitly found that persons with disabilities have suffered discrimination. *See* 42 U.S.C. § 12101(a)(ADA); 29 U.S.C. § 701(a)(5) (Rehabilitation Act). Both the ADA and the Rehabilitation Act therefore are within the scope of appropriate. legislation under the Equal Protection Clause as defined by the Supreme Court. At the same time, neither act provides remedies so sweeping that they exceed the harms that they are designed to redress. We therefore agree with the district court that both the ADA and the Rehabilitation Act were validly enacted under the Fourteenth Amendment.

▇▇▇ We reject California's argument that Congress's power must be limited to the

protection of those classes found by the Court to deserve "special protection" under the Constitution. The State does not explain why the Court's choice of a level of scrutiny for purposes of judicial review should be the boundary of the legislative power under the Fourteenth Amendment, nor have we found any case to so hold. The levels of scrutiny in equal protection cases are "standards for determining the validity of state legislation or other official action that is challenged as denying equal protection." *City of Cleburne,* 473 U.S. at 439–40, 105 S.Ct. at 3254. The State cites no case which holds that these levels of scrutiny define the limits of Congress's power to enforce the Fourteenth Amendment.

In our holding with respect to the ADA, moreover, we follow Congress's own determination of its powers. In enacting the ADA, Congress announced that it was acting pursuant to its Fourteenth Amendment powers. *See* 42 U.S.C. § 12101(b)(4). Although "the constitutionality of action taken by Congress does not depend on recitals of power which it undertakes to exercise," *Woods v. Cloyd W. Miller Co.,* 333 U.S. 138, 144, 68 S.Ct. 421, 424, 92 L.Ed. 596 (1948), we give great deference to congressional statements. *See, e.g., Wilson–Jones v. Caviness,* 99 F.3d 203, 210 (6th Cir.1996) (holding that a clear indication from Congress is the simplest way to show that a statute is enacted under the Fourteenth Amendment), *amended on other grounds,* 107 F.3d 358 (6th Cir.1997).

Also, in our holding with respect to the Rehabilitation Act, we follow past decisions of our court as well as those of the Supreme Court. Supreme Court opinions have consistently considered section 504 to be enacted pursuant to the Fourteenth Amendment. In its opinion in *Atascadero,* the Supreme Court assumed without deciding that the Rehabilitation Act was enacted under the Fourteenth Amendment. *See Atascadero,* 473 U.S. at 244 n. 4, 105 S.Ct at 3148 n. 4. In dicta in a later case, the Supreme Court expressly noted that "[t]he Rehabilitation Act was passed pursuant to § 5 of the Fourteenth Amendment." *Welch v. Texas Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 472 n. 2, 107 S.Ct. 2941, 2945 n. 2, 97 L.Ed.2d 389 (1987). Moreover, our own court has expressly held that the Rehabilitation Act was enacted under the Fourteenth Amendment. *See Scanlon v. Atascadero State. Hosp.,* 735 F.2d 359, 361 (9th Cir.1984), *rev'd on other grounds,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

We note also that the Rehabilitation Act includes an express waiver of Eleventh Amendment immunity which California accepted when it accepted Rehabilitation Act funds. Even if Congress has not abrogated a state's immunity under the Eleventh Amendment, a state may waive it. *See Seminole Tribe,* — U.S. at —, 116 S.Ct. at 1128. One way for a state to waive its immunity is to accept federal funds where the funding statute "manifest[s] a clear intent to condition participation. in the programs funded under the Act on a State's consent to waive its constitutional immunity." *Atascadero,* 473 U.S. at 247, 105 S.Ct. at 3149–50.

In this case, the Rehabilitation Act manifests a clear intent to condition a state's participation on its consent to waive its Eleventh Amendment immunity. The amended Rehabilitation Act provides:

> (1) A State shall not be immune under the Eleventh Amendment ... from any suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 ... of the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 U.S.C. § 2000d–7. The Supreme Court has characterized this section as "an unambiguous waiver of the States' Eleventh Amendment immunity." *Lane v. Pena,* — U.S. —, —, 116 S.Ct. 2092, 2100, 135 L.Ed.2d 486 (1996). Because California accepts federal funds under the Rehabilitation Act, California has waived any immunity under the Eleventh Amendment.

Finally, we note that plaintiffs' suit may go forward against the named officials under the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *See Armstrong v. Wilson,* 124 F.3d 1019 (9th Cir. 1997).

AFFIRMED.