USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1908

 RUSSELL A. TORRES AND IDA CLAUDIO,

 Plaintiffs, Appellees,

 v.

 PUERTO RICO TOURISM COMPANY,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Coffin and Cyr, Senior Circuit Judges.
 
 

 Jose R. Perez-Hernandez for appellant.
 Erick Morales for appellees.

April 6, 1999

 
 

 COFFIN, Senior Circuit Judge. This lawsuit involves
claims brought under the Americans with Disabilities Act ("ADA"),
42 U.S.C. 12101-12213, and several Puerto Rico statutes. The
defendant-appellant, the Puerto Rico Tourism Company ("the Tourism
Company"), claims that the district court erred in refusing to
dismiss the case in light of the Eleventh Amendment, which protects
states from suit in federal court. We conclude that, in the face
of an explicit statutory provision abrogating Eleventh Amendment
immunity in ADA cases and the absence of a meaningful challenge to
the validity of that abrogation, the court's judgment on the ADA
claim should be affirmed. We remand, however, for the district
court to consider whether the pendent Puerto Rico claims benefit
from a similar abrogation of Eleventh Amendment immunity. If not,
those claims must be dismissed.
 I. Discussion
 The facts underlying plaintiffs' claims play no role in
this appeal, and we therefore note only in passing that the case
concerns an employee's contention that he suffered injury from
exposure to second-hand cigarette smoke while working for the
Tourism Company as a casino inspector. Our disposition instead
involves procedural aspects of the case, particularly defendant's
failure to address in a timely or meaningful manner the express
abrogation of the Eleventh Amendment contained in the ADA. We
begin by relating in some detail the travel of the case in the
district court, pause for a review of Eleventh Amendment
principles, and then pick up the proceedings on appeal.
 A. The Litigation Starts.
 Plaintiffs filed their complaint in August 1995 and an
answer was filed in October of the same year. No reference was
made in either document to the Eleventh Amendment, the ADA's
express abrogation provision, or the power of Congress to abrogate
a state's immunity. The only arguably relevant reference was the
inclusion, in a list of ten "affirmative defenses," of an item
reading "Lacks [sic] of subject matter jurisdiction."
 About two years after the time period for filing
dispositive motions had passed, and apparently as a result of a
change of counsel, defendant in May 1998 filed a motion for summary
judgment asserting, inter alia, that the complaint was barred by
the Eleventh Amendment, which prohibits suit by private parties
against a state in federal court, without that state's consent. 
The motion focused on the Tourism Company's status as an
"instrumentality" of the state and its consequent entitlement to
Eleventh Amendment protection.
 Plaintiffs responded by arguing that the motion should be
denied as late. The district court agreed and issued the following
order:
 This motion is ordered stricken from the
 record as untimely and because it constitutes
 a violation of the Court's case management
 orders. Any further attempts to file untimely
 dispositive motions will be subject to
 sanctions.

 The Tourism Company sought reconsideration, repeating its
earlier Eleventh Amendment argument, and, in a response that was
styled as a motion for sanctions, the plaintiffs argued that the
Eleventh Amendment immunity was patently inapplicable based on the
statutory definition of employer in the ADA, which excluded the
United States but not state governments. The district court denied
the defendant's request for reconsideration without comment, and 
denied the motion for sanctions without prejudice to renew once any
appeal is decided.

 B. Eleventh Amendment Basics.
 At this juncture, some basic tenets of Eleventh Amendment
jurisprudence need to be articulated to give context to the
proceedings in both the district court and on appeal. First, it is
well established that the principles of the Eleventh Amendment are
fully applicable to the Commonwealth of Puerto Rico. See In re San
Juan Dupont Plaza Hotel Fire Litigation, 888 F.2d 940, 942 (lst
Cir. 1989). The Eleventh Amendment immunity extends to any entity
that is an "arm of the state," id., and this court has ruled that
the Tourism Company falls within that category, see id. at 943. 
Our starting place, therefore, is that as the Tourism Company
argued in its summary judgment motion the Eleventh Amendment
would bar a suit by a private individual against the Tourism
Company, unless the Tourism Company agreed to be sued. See id. at
942; see also Edelman v. Jordan, 415 U.S. 651, 671-73 (1974). 
Neither party has argued that consent has been given in this case.
 Congress, however, has the power to abrogate the Eleventh
Amendment's immunity if two conditions are met. Seminole Tribe of
Florida v. Florida, 116 S. Ct. 1114, 1123 (1996). First, there
must be a "clear legislative statement" of Congress's intent to do
so. Id. Second, its attempt to abrogate must have been done under
proper constitutional authority, which only has been held to exist
under 5 of the Fourteenth Amendment. Id. at 1124-28. See City
of Boerne v. Flores, 117 S. Ct. 2157, 2162-72 (1997) (clarifying
Congress's enforcement powers under the Fourteenth Amendment);
Katzenbach v. Morgan, 384 U.S. 641, 649-51 (1966) (describing test
for determining whether a statute is "appropriate legislation" to
enforce the Equal Protection Clause).
 The first half of the Seminole Tribe test is easy to
apply in the ADA context. As we have noted, see supra at note 1,
the statute unquestionably includes a clear statement of intent. 
The second prong Congress's power to abrogate is the subject of
some debate, although all but one of the circuits that have decided
the issue have concluded that the ADA was properly enacted under
Congress's Fourteenth Amendment enforcement powers. Compare Kimelv. Florida Bd. of Regents, 139 F.3d 1426, 1428 n.1, 1433 (llth Cir.
1998); Coolbaugh v. Louisiana, 136 F.3d 430, 438 (5th Cir. 1998);
Clark v. California, 123 F.3d 1267, 1269-70 (9th Cir. 1997);
Crawford v. Indiana Dept. of Corrections, 115 F.3d 481, 487 (7th
Cir. 1997) with Brown v. North Carolina Div. of Motor Vehicles, 166
F.3d 698 (4th Cir. 1999).
 Several district courts also have reached the contrary
conclusion, however, see, e.g., Garrett v. Board of Trustees, 989
F. Supp. 1409, 1410 (N.D. Ala. 1998); Nihiser v. Ohio E.P.A., 979
F. Supp. 1168, 1176 (S.D. Ohio 1997), and the uncertainty on this
issue is reflected in several other ways: the panels in Kimel,
Coolbaugh and Brown were split, and an en banc rehearing in an
Eighth Circuit case ended with an evenly divided vote of the court,
see Autio v. AFSCME, Local 3139, 157 F.3d 1141 (8th Cir. 1998) (on
rehearing of 140 F.3d 802 (8th Cir. 1998)). Finally, the Supreme
Court has granted certiorari in Kimel. See 119 S. Ct. 901, 902
(1999).
 Also of relevance here is that the traditional waiver
rules do not always apply in Eleventh Amendment cases. Because the
Amendment deprives federal courts of jurisdiction to entertain
claims against states, the immunity may be raised at any point in
a proceeding, including for the first time on appeal. See Pennhurst
State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1983). The
Tourism Company did not make reference to the Eleventh Amendment as
a defense in its answer to the complaint, and raised the issue
beyond the time period allotted for dispositive motions. Because
of the Amendment's jurisdictional reach, however, it trumped
ordinary procedural requirements. When the immunity was raised in
the summary judgment motion, the district court should have
addressed it. Instead, it rejected the defense on timeliness
grounds.
 Failure to raise the Eleventh Amendment at the outset of
the case was not, however, the Tourism Company's only default. 
Despite the explicit statement of abrogation in the ADA and the
percolating caselaw on Congress's authority to abrogate, neitherparty made reference to the abrogation provision in the district
court. As noted supra, the plaintiffs argued in their motion for
sanctions that Eleventh Amendment immunity was inapplicable based
solely on the statute's definition of employer. The neglect
continued on appeal.
 C. The appellate proceedings.
 In its opening brief to this court, appellant Tourism
Company recognized that Congress has the power to abrogate the
Eleventh Amendment immunity, but incorrectly stated that "[t]here
is no constitutional or statutory precept pertaining to a waiver of
the Eleventh Amendment immunity in cases pertaining to the ADA." 
In a footnote, the Tourism Company asserted that "[t]he courts that
have considered whether the Americans with Disabilities Act of 1990
may contain an implicit abrogation of the Eleventh Amendment
immunity have disfavored the contention." (Emphasis added.) There
was no acknowledgment that the ADA contained an explicit abrogation
provision and, obviously, no discussion of whether Congress had the
power to enact it.
 The provision was finally noted in the plaintiffs-
appellees' six-page brief, where it was offered as a conclusive
answer to the defendant's belated assertion that the Eleventh
Amendment required the lawsuit to be dismissed. In short, up to
this time, the Eleventh Amendment theme had developed two threads:
first, the defendant's theory that the Amendment operates to bar
suits against states and their instrumentalities, including the
Tourism Company, and, second, the plaintiffs' theory that the ADA
contains an explicit abrogation of the immunity, permitting the
suit to go forward against the Tourism Company.
 In its reply brief, for the first time in the case, the
Tourism Company made direct reference to caselaw addressing whether 
Congress had the authority to enact the abrogation provision in the
ADA. The "discussion," however, consumed roughly one page and the
three district court cases on point that were cited all supported
defendant's assertion that "[a]lready courts have held that
Congress has no authority to create a special protection for
disabled individuals under ADA through the Fourteenth Amendment." 
There was no reference to the nearly uniform line of circuit cases
upholding the provision, no discussion of the differing views of
the divided courts, and no consideration of the recent Supreme
Court decision clarifying Congress's Fourteenth Amendment
enforcement powers, City of Boerne, 117 S. Ct. at 2162-72. At oral
argument, counsel did finally acknowledge that the weight of
authority was against his client. 
 In sum, the Tourism Company did not mention the
abrogation provision until its reply brief, and at no time did it
provide developed analysis of Congress's authority to abrogate. We
are therefore presented not with the issue of whether the Tourism
Company waived its Eleventh Amendment immunity, but rather of
whether it waived its argument that the ADA's abrogation provision
exceeded Congress's powers. Although the Eleventh Amendment
defense itself cannot be waived, we decline in the circumstances of
this case to extend this exception from ordinary waiver rules to
reach arguments that Congress lacked Fourteenth Amendment authority
to abrogate the immunity. We believe that, when comprehensive
civil rights legislation includes an explicit waiver and dominant
precedent almost uniformly upholds Congress's power to do so, the
failure to challenge that authority may be deemed consent to
federal jurisdiction. While a state's later effort to withdraw
consent might in some circumstances prove compelling, we are
particularly unwilling to indulge eleventh-hour maneuvering when
this previously forsaken argument is raised without meaningful
argumentation.
 In sum, because the issue of the constitutionality of the
ADA's statutory abrogation was raised belatedly and inadequately,
we hold that it was doubly waived. See Nichols v. Cadle Co., 139
F.3d 59, 64 (lst Cir. 1998) ("[T]he . . . objection . .. . has been
waived twice over, first by omitting to call it to the attention of
the district judge . . . and then by failing to include the point
in the . . . opening brief in this court."); United States v.
Zannino, 895 F.2d 1, 17 (lst Cir. 1990) ("It is not enough merely
to mention a possible argument in the most skeletal way, leaving
the court to do counsel's work . . . .").
 D. Pendent Commonwealth Claims. Neither party discusses
in its briefs the relationship between the Eleventh Amendment and
the pendent Puerto Rico claims. In Pennhurst, 465 U.S. at 121, the
Supreme Court stated that "[a] federal court must examine each
claim in a case to see if the court's jurisdiction over that claim
is barred by the Eleventh Amendment." The Court explicitly held
that this principle applied to pendent state-law claims.
 As noted earlier, the Tourism Company's invocation of the
Eleventh Amendment immunity in its motion for summary judgment
should not have been rejected as untimely by the district court. 
Although we have held that the ADA's explicit abrogation provision
negates that immunity for the ADA claim, that provision does not
cover the Commonwealth claims. Unless plaintiffs are able to
demonstrate abrogation of the immunity for those claims, the claims
must be dismissed without prejudice on Eleventh Amendment grounds. 
That issue is best left to the district court in the first
instance, and, indeed, we leave to its determination as well
whether plaintiffs have waived any abrogation argument as to those
claims.
 II. Conclusion
 The district court erroneously rejected the Tourism
Company's defense that the Eleventh Amendment barred plaintiffs'
suit on the ground that the argument was asserted too late. 
Nonetheless, the court's judgment that the ADA claim may proceed is
sustainable, as the Company failed in a timely or adequate way to
challenge the explicit statutory provision abrogating the Eleventh
Amendment immunity. No attention was given, however, to the
plaintiffs' Puerto Rico claims, which may not proceed unless an
equivalent abrogation provision exists or the Commonwealth consents
to suit on those claims. The Puerto Rico claims therefore must be
remanded for either dismissal or action establishing their
viability.
 For the foregoing reasons, the judgment of the district
court is affirmed in part and vacated in part, and the case is
remanded for further proceedings consistent with this opinion.
 Affirmed in part, vacated and remanded in part. Each
party to bear its own costs. Plaintiffs' motion requesting 
damages and costs is denied.