**Chandra J. WERNER, Plaintiff,**

v.

**COLORADO STATE UNIVERSITY and the State Board Of Agriculture of the State Of Colorado, Defendants.**

**No. CIV. A. 99–K–1287.**

United States District Court,
D. Colorado.

Dec. 20, 2000.

Dale A. Gaar, Dale A. Gaar, PC, Denver, CO, for Plaintiff.

Jay Beebe Simonson, Friedrick C. Haines, Elizabeth Ann Weishaupl, Attorney General's Office Tort Litigation Section, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER ON CROSS MOTIONS

KANE, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, filed January 10, 2000, and Defendants' Cross Motion to Dismiss, filed February 7, 2000. For the reasons stated below, I deny Defendants' motion and grant Plaintiff's motion in part and deny it in part.

In this action, Plaintiff Chandra Werner asserts claims against Defendants Colorado State University and the State Board of Agriculture of the State of Colorado (collectively "CSU") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213 (1994), and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1994 & Supp. IV 1998). Werner is substantially hearing-impaired. At the time this action commenced, she was a student in CSU's veterinary medicine program. Werner alleges that CSU violated the ADA and the Rehabilitation Act by, among other things, failing to provide her with adequate auxiliary aids to allow her effective access to the veterinary medicine program.

In her Motion for Partial Summary Judgment, Werner requests that the Court strike CSU's Second and Tenth Defenses, which are, respectively: (1) that Plaintiff's claims are barred by the Eleventh Amendment of the U.S. Constitution; and (2) that CSU complied with the ADA and Rehabilitation Act because the accommodations sought by Werner would impose an undue burden on CSU or cause a fundamental alteration in CSU's veterinary medicine program. In its response and cross motion, CSU seeks dismissal of this action for lack of subject matter jurisdiction based on its alleged immunity to this suit under the Eleventh Amendment, or, alternatively, that this action be stayed in anticipation of a decision by the United States Supreme Court on this issue.

## I. Stay of Proceedings

As is evident from the parties' cross motions, one of the key initial issues in this action is whether the Eleventh Amendment bars claims under the ADA and Rehabilitation Act against instrumentalities of the States. On February 17, 2000, I granted the parties' joint motion to stay this action pending the Supreme Court's decision on this issue in *Florida Dept. of Corrections v. Dickson*, 139 F.3d 1426 (11th Cir.1998), *cert. granted*, 528 U.S. 1132, 120 S.Ct. 976, 145 L.Ed.2d 926 (Jan. 21, 2000)(No. 98–829). Shortly thereafter the parties in *Dickson* settled and the Supreme Court dismissed the writ of certiorari in that case. *Id.*, 528 U.S. 1184, 120 S.Ct. 1236, 145 L.Ed.2d 1131 (Feb. 23, 2000). Consequently, on June 16, 2000 I lifted the stay in this action.

CSU now submits the stay should be reinstated because the Supreme Court has granted certiorari in another case, *Garrett v. University of Alabama at Birmingham Board of Trustees,* 193 F.3d 1214 (11th Cir.1999), *cert. granted in part,* 529 U.S. 1065, 120 S.Ct. 1669, 146 L.Ed.2d 479 (Apr. 17, 2000)(No. 99–1240), to address the question of the States' alleged Eleventh Amendment immunity from suit for violations of the ADA. The Supreme Court heard argument in *Garrett* on October 11, 2000.

I deny CSU's request to reinstate the stay. On September 11, 2000, the Tenth Circuit ruled on the ADA issue presented by these motions. *See Cisneros v. Wilson,* 226 F.3d 1113 (10th Cir.2000). In *Cisneros,* as here, the Tenth Circuit initially stayed its review of this issue in anticipation of the Supreme Court's decision in *Dickson. See id.* at 1118 n. 4. After *Dickson* settled, the Tenth Circuit decided to proceed, notwithstanding a request that it stay the appeal pending the Supreme Court's decision in *Garrett. Id.* Like the Tenth Circuit, I decline to stay this case again given the uncertainty whether and when the Supreme Court will decide *Garrett* and the question it presents of the States' Eleventh Amendment immunity to suit under the ADA. As described below, Tenth Circuit law on this issue is clear and supports Werner's right to pursue her claims against CSU. She should not be prejudiced by further delay in this action.

## II. Eleventh Amendment Immunity Defense

■ The Eleventh Amendment bars suit by an individual against a State unless: (1) the State has waived its sovereign immunity and consented to be sued in federal court or (2) Congress has abrogated the States' sovereign immunity in a valid exercise of its authority to enforce the rights guaranteed by the Fourteenth Amendment. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). There is no question that Congress unequivocally expressed its intent to abrogate the States' sovereign immunity to suit in both the ADA and the Rehabilitation Act. *See* ADA, 42 U.S.C. § 12202; Rehabilitation Act, 42 U.S.C. § 2000d–7(a)(1). The issue presented by the parties' cross motions, therefore, is whether these congressional actions were a valid exercise of Congress' enforcement authority under the Fourteenth Amendment. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

■ In *Martin v. Kansas,* 190 F.3d 1120 (10th Cir.1999), the Tenth Circuit held that Congress acted validly in abrogating the States' immunity to suit under the ADA. *Id.* at 1128. CSU argues, however, that *Martin* is no longer good law as a result of the Supreme Court's subsequent decision in *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000).[1] The Tenth Circuit recently addressed just this argument and, after careful consideration of the *Kimel* decision, confirmed its holding in *Martin* that the ADA validly abrogated the States' Eleventh Amendment immunity to suit. *See Cisneros,* 226 F.3d at 1128. I am bound by this holding. *See United States v. Spedalieri,* 910 F.2d 707, 709 n. 2 (10th Cir.1990) (district court is bound by Tenth

---

**1.** In *Kimel,* the Supreme Court refined its test for determining the validity of congressional abrogation of Eleventh Amendment immunity, then applied this test to hold that Congress exceeded its authority in abrogating the States' immunity to suit for violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1994 & Supp. IV 1998). *See Kimel,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522.

Circuit precedent unless and until it is overruled by the Tenth Circuit en banc or superseded by a contrary Supreme Court decision). Accordingly, CSU is not immune to suit on Werner's claims under the ADA and is not entitled to assert this defense to these claims.

For much the same reason, I also hold that CSU is not entitled to assert sovereign immunity as a defense to Werner's Rehabilitation Act claim. Section 504 of the Rehabilitation Act and the ADA both prohibit discrimination against the disabled in the provision of public services. *Cercpac v. Health & Hosp. Corp.*, 147 F.3d 165, 166–67 (2nd Cir.1998); *Clark v. California*, 123 F.3d 1267, 1270 (9th Cir.1997). The same legislative findings and analysis that support the conclusion that Congress acted within its authority in abrogating the States' immunity to suit under the ADA also supports the conclusion that it acted properly in abrogating the States' Eleventh Amendment immunity in the Rehabilitation Act. *Kilcullen v. New York State Dep't of Labor*, 205 F.3d 77 (2nd Cir.2000); *Clark*, 123 F.3d at 1270. The Tenth Circuit acknowledged this congruence by relying extensively on the Second Circuit's decision in *Kilcullen*, which approved Congress' abrogation of the States' Eleventh Amendment immunity in the Rehabilitation Act, in its recent decision upholding Congress' abrogation of this immunity in the ADA. *See Cisneros*, 226 F.3d at 1124, 1128. Accordingly, I hold that Congress acted validly in abrogating the States' sovereign immunity in the Rehabilitation Act, and that Werner may therefore proceed in her claim against CSU for alleged violations of section 504 of that Act.[2]

### III. Plaintiff's Motion for Partial Summary Judgment on Defendants' Undue Burden Defense

■ Werner has also moved for summary judgment on CSU's Tenth Defense, in which CSU asserts "Accommodations demanded by Plaintiff are unavailable in the community, or, if available, can be obtained only at such expense as would place an undue burden on CSU's resources, rendering CSU unable to provide the programs to which Plaintiff seeks access without fundamentally altering such programs." Answer to Amended Complaint, ¶ 33. CSU confesses that this defense is unavailable as to the accommodations it had in place for Werner as of February 7, 2000, the date of its response to Werner's motion.[3] As to prior or other accommodations Werner alleges it should have provided, CSU maintains that it is entitled to defend itself by demonstrating that these accommodations would have created an undue burden or fundamentally altered its veterinary medicine program.

Werner contends that this defense must be stricken because it is undisputed that CSU failed to comply with procedural requirements set forth in 28 C.F.R. § 35.150(a), a Department of Justice regulation implementing Title II of the ADA. This regulation states that with respect to "existing facilities," a public entity need not take any action to make a service, program or activity "readily accessible to and usable by" a disabled person if the

---

2. As a result of this decision, I need not reach Werner's alternate argument that CSU waived its immunity to suit under the Rehabilitation Act when it accepted federal financial assistance, *see Clark*, 123 F.3d at 1271, and that Congress acted within its Spending Clause authority when it conditioned access to federal funding on such a waiver.

3. CSU states that the computer-assisted real time captioning in place as of the date of its response or earlier is accommodating Werner's disability and is not creating an undue burden on CSU or fundamentally altering its veterinary medicine program. Defendants' Response, dated Feb. 7, 2000, at 10.

public entity can demonstrate that such action "would result in a fundamental alteration in the nature of the service, program, or activity or in undue financial and administrative burdens." *Id.* § 35.150(a), 35.150(a)(3). The regulation further provides that when a public entity decides not to undertake a proposed action because of the alteration or burden that would result, that decision must be made by (i) the head of the entity or his/her designee (ii) after an analysis of available resources and (iii) must be documented in a written statement setting out the reasons for not taking the proposed action. *Id.* § 35.150(a)(3).

Rather than disputing its compliance with the latter procedural requirements, CSU argues that they are simply inapplicable because it never refused to accommodate Werner's request for auxiliary aids. I agree. The defense of fundamental alteration/undue burden to alleged violations of the ADA and section 504 of the Rehabilitation Act has been recognized by the courts and regulators in a variety of contexts. *See, e.g., Southeastern Cmty. College v. Davis,* 442 U.S. 397, 410, 412, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979); *New Mexico Ass'n for Retarded Citizens v. New Mexico,* 678 F.2d 847, 854 (10th Cir.1982); 28 C.F.R. § 35.130(b)(7). Even assuming that 28 C.F.R. § 35.150(a)(3) is the only basis on which CSU could assert this defense, the regulation's procedural requirements, by their terms, only apply to instances in which a public entity refuses to take a proposed action based on the alterations or burdens that would result. In this case, the evidence submitted by the parties, viewed in the light most favorable to CSU as the non-moving party, indicates that CSU did not refuse to take any particular action, but rather continued to work on various means to accommodate Werner's needs. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir.), *cert. denied,* 528 U.S. 815, 120 S.Ct. 53, 145 L.Ed.2d 46 (1999) (in determining whether summary judgment is appropriate, evidence and reasonable inferences to be drawn therefrom are viewed in the light most favorable to the nonmoving party). As a result, there is at minimum a genuine dispute of fact as to whether the procedural requirements set out in the referenced regulation apply in this instance. As Werner does not assert any other basis on which to strike CSU's undue burden defense, I deny her motion to strike this defense on summary judgment, subject to CSU's confession that this defense is not available to defend Werner's claims with respect to the accommodations in place as of February 7, 2000.

## IV. Conclusion

For the reasons set forth above, I hereby:

(1) Deny Defendants' Cross Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1) or in the Alternative For a Stay of Proceedings Pending a Ruling of the United States Supreme Court on Eleventh Amendment Issues, filed February 7, 2000;

(2) Grant Plaintiff's Motion for Partial Summary Judgment, filed January 10, 2000, as to Defendants' Second Defense, concerning immunity under the Eleventh Amendment; and

(3) Deny Plaintiff's Motion for Partial Summary Judgment as to Defendants' Tenth Defense, that the accommodations demanded by Plaintiff would have fundamentally altered the veterinary medicine program or imposed an undue burden on Defendants, except as to the accommodations in place as of February 7, 2000.