Jan WRONCY, Plaintiff–Appellant,

v.

**OREGON DEPARTMENT OF TRANSPORTATION, and agency of the State of Oregon, Defendant–Appellee.**

No. 00–35356.

D.C. No. CV–99–06092–TMC.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2000.

Withdrawn Oct. 27, 2000.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Resubmitted April 9, 2001.*

Decided May 4, 2001.

Before WRIGHT, CHOY, and SKOPIL, Circuit Judges.

## MEMORANDUM **

Jan Wroncy brought this action under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, alleging that she is extremely sensitive to chemicals and that the Oregon Department of Transportation (ODOT) violated the ADA by refusing to stop spraying herbicides on roads near her home. The district court dismissed the action, ruling that although the ADA applies to state governments, "it is not reasonable to extend its provisions to the circumstances alleged in this case." The court acknowledged that Wroncy's disability prevents her from traveling on "certain roads at certain times," but reasoned that "[s]uch inconveniences do not constitute discriminatory exclusion from a program or service." We reverse and remand.

## DISCUSSION

█ ODOT contends it is immune from ADA claims because Congress exceeded its constitutional authority when it abrogated Eleventh Amendment immunity. We have twice rejected that argument. *See Dare v. California,* 191 F.3d 1167, 1173–74 (9th Cir.1999), *cert. denied,* —— U.S. ——, 121 S.Ct. 1187, 149 L.Ed.2d 103

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(2001); *Clark v. California,* 123 F.3d 1267, 1269 (9th Cir.1997). The Supreme Court's recent decision in *Board of Trustees of the University of Alabama v. Garrett,* — U.S. ——, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), does not compel us to reconsider. *Garrett* addressed only whether state employees are prohibited from collecting money damages against state employers for violations of Title I of the ADA. *See Garrett,* — U.S. at ——, 121 S.Ct. at 960. The Court, in fact, expressly declined to reach the constitutionality of ADA's Title II. *See id.* at n. 1 ("We are not disposed to decide the constitutional issue whether Title II ... is appropriate legislation under § 5 of the Fourteenth Amendment....").

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. We recently had the opportunity to examine the scope of Title II. *See Lee v. County of Los Angeles,* 240 F.3d 754, 776–77 (9th Cir.2001). There, we explained that the ADA not only prohibits public entities from discriminating against the disabled, but "it also prohibits public entities from *excluding* the disabled from participating in *or* benefitting from a public program, activity or service...." *Id.* at 776 (emphasis in original). In short, we concluded that "[q]uite simply, the ADA's broad language brings within its scope anything a public entity does." *Id.* (internal quotation omitted).

◼ Wroncy alleges in her complaint that she is precluded by reason of her disability from using roads that have been recently sprayed with herbicides. She also alleges that ODOT's act of spraying

the road near her home prevents her from using any of the state's other services, programs, or activities if travel is required. Because these allegations must be taken as true for purposes of a motion to dismiss, we cannot conclude "beyond doubt that [she] can prove no set of facts that would entitle her to relief." *See O'Loghlin v. County of Orange,* 229 F.3d 871, 874 (9th Cir.2000). Rather, we conclude that Wroncy has adequately pleaded that she is "denied 'meaningful access' to state-provided services." *See Crowder v. Kitagawa,* 81 F.3d 1480, 1484 (9th Cir.1996). Accordingly, we reverse the dismissal of her complaint and remand for further proceedings.

REVERSED and REMANDED.