TORRUELLA, Circuit Judge
(Dissenting).
With due respect, I disagree with my colleagues regarding the constitutionality *26 of applying the provisions of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165 (1994), in a damages suit[1] against an unconsenting state brought by a private citizen. In my view, such a suit is barred by the proscriptions of the Eleventh Amendment. See Bd. of Trs. v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (holding that Title I of the ADA did not validly abrogate the states’ immunity under the Eleventh Amendment). I am thus compelled to dissent, recognizing nevertheless that the Supreme Court has yet to speak definitively on this issue.
A number of circuit courts have opined on this matter. The Fourth, Seventh, and Ninth Circuits have all ruled that Title II of the ADA does validly abrogate the states’ Eleventh Amendment immunity. See Amos v. Md. Dep’t of Public Safety, 178 F.3d 212 (4th Cir.1999); Clark v. California, 123 F.3d 1267 (9th Cir.1997); Crawford v. Ind. Dep’t of Corr., 115 F.3d 481 (7th Cir.1997). However, all of these cases were decided before Garrett. In my view, this limits their precedential value, even if it is not entirely fatal. Post-Garrett, two circuits have suggested that under some circumstances, the Eleventh Amendment immunity of the states is validly abrogated by Title II. First, a divided Sixth Circuit, sitting en banc, held that such an abrogation can occur with due process-type claims under Title II. Popovich v. Cuyahoga County Ct. of Common Pleas, Dom. Rel. Div., 276 F.3d 808 (6th Cir.2002) (en banc). Similarly, the Second Circuit has suggested that valid abrogation can occur when a plaintiff alleges discriminatory intent, but it has never found any such abrogation. Garcia v. S.U.N.Y. Health Scis. Ctr., 280 F.3d 98 (2d Cir.2001).
The Fifth Circuit has also addressed the issue, several times. Both pre- and post-Garrett, it held that Title II validly abrogates the states’ Eleventh Amendment immunity. See Coolbaugh v. Louisiana, 136 F.3d 430 (5th Cir.1998); Shaboon v. Duncan, 252 F.3d 722 (5th Cir.2001). However, in Reickenbacker v. Foster, 274 F.3d 974 (5th Cir.2001), that court concluded that “the Supreme Court ha[d] effectively overruled” these prior cases and that they were no longer binding authority. Id. at 979. The court then ruled that Congress did not validly abrogate Eleventh Amendment sovereign immunity when it enacted Title II of the ADA. Id. at 984. This well-reasoned opinion is reflective of the clear trend of the Supreme Court, evident not only in Gairett but also in Kimel v. Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (holding that the Age Discrimination in Employment Act did not abrogate the states’ Eleventh Amendment immunity), College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (Trademark Remedy Clarification Act), and Seminole Tribe v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (Indian Commerce Clause).
Finally, the Eighth and Tenth Circuits have decided that there was no valid abrogation of the Eleventh Amendment when Congress enacted Title II of the ADA. Thompson v. Colorado, 278 F.3d 1020 (10th Cir.2001); Alsbrook v. City of Maumelle, Ark., 184 F.3d 999 (8th Cir.1999) (en banc). In my opinion these cases were decided in accordance with existing Supreme Court precedents and the handwriting that is on the wall.
Because I believe we should do likewise and, consequently, affirm the decision of the district court, I respectfully dissent.

. As the majority opinion points out, only the damages action remains. As is well known, equitable relief stands on different Eleventh Amendment footing. See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).