**Billy Ray PHIFFER, an individual, Plaintiff—Appellee,**

v.

**COLUMBIA RIVER CORRECTIONAL INSTITUTE, a State of Oregon Public Entity, et al., Defendants—Appellants.**

No. 01–35984.

D.C. No. CV–01–01652–AJB.

United States Court of Appeals, Ninth Circuit.

---

Submitted March 6, 2003.*

Decided April 21, 2003.

Before O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM**

The State appeals the district court's denial of its motion for judgment on the pleadings based on Eleventh Amendment sovereign immunity. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

The denial of a state's motion for judgment on the pleadings on the grounds of Eleventh Amendment immunity is an interlocutory appeal and need not await final judgment. *See Clark v. California*, 123 F.3d 1267, 1269 (9th Cir.1997) ("This court has jurisdiction to hear an interlocutory appeal from an order denying a state's motion to dismiss on the ground of immunity under the Eleventh Amendment." (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993))). The Respondent contends, however, that we must look at each case to determine whether the appeal involves a "serious and unsettled question of law." We disagree. We have never required such a showing for an interlocutory appeal of Eleventh Amendment immunity, *see, e.g., Thomas v. Nakatani*, 309 F.3d 1203, 1206–07 (9th Cir. 2002), nor has the Supreme Court, *see, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), and we decline to require such a showing at this

---

Instead, the district court simply referred this action to the same presiding judge.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

time. Accordingly, we have jurisdiction over the State's appeal.

■ Our precedent clearly commands the conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA. *See, e.g., Dare v. California,* 191 F.3d 1167, 1175 (9th Cir. 1999); *Clark,* 123 F.3d at 1270. And, although the State makes a valiant attempt to persuade us that the Supreme Court's decision in *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), requires us to revisit our precedent, we have already done so and have already rejected the State's claims. *See Hason v. Med. Bd. of Cal.,* 279 F.3d 1167, 1171, *reh'g en banc denied* 294 F.3d 1166 (9th Cir. 2002), *and cert. dismissed* —— U.S. ——, 123 S.Ct. 1779, 155 L.Ed.2d 508 (2003); *Thomas v. Nakatani,* 309 F.3d 1203, 1209 (9th Cir.2002) (stating that *Hason* reaffirmed *Clark*'s and *Dare*'s holding that Congress abrogated sovereign immunity under Title II); *Lovell v. Chandler,* 303 F.3d 1039, 1050–51 (9th Cir.2002) (same). We decline further review of our settled precedent.

■ Likewise, our precedent is clear that the State waived its Eleventh Amendment immunity under Section 504 of the Rehabilitation Act by accepting federal funds. *See, e.g., Douglas v. Cal. Dep't of Youth Auth.,* 271 F.3d 812, 820, *as amended,* 271 F.3d 910 (9th Cir.2001), *and reh'g en banc denied,* 285 F.3d 1226 (9th Cir. 2002). Again, the State points to "intervening Supreme Court precedent," this time *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board,* 527 U.S. 666, 675–76, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), which it contends undermines our Eleventh Amendment waiver jurisprudence. Once again, we have already addressed the issue, reaffirming our precedent that a State waives Eleventh Amendment immunity by accepting federal funds. *Vinson v. Thomas,* 288 F.3d 1145, 1151 (9th Cir.2002) (reaffirming *Douglas*'s holding that by accepting federal funds, a state waives its sovereign immunity); *Lovell,* 303 F.3d at 1051 (same). We find the State's claims without merit.

AFFIRMED and REMANDED.