384 F.3d 791
 Billy Ray PHIFFER, an individual, Plaintiff-Appellee,
v.
COLUMBIA RIVER CORRECTIONAL INSTITUTE, a State of Oregon Public Entity; Santiam Correctional Institute, a State of Oregon public entity, Defendants-Appellants.
 No. 01-35984.
 United States Court of Appeals, Ninth Circuit.
 Resubmitted September 3, 2004.
 Filed September 13, 2004.
 Amended September 21, 2004.
 
 Janet A. Metcalf, Assistant Attorney General, State of Oregon, for the defendants-appellants.
 Dawna F. Scott, Lake Oswego, OR, for the plaintiff-appellee.
 On Remand from the United States Supreme Court. D.C. No. CV-01-01652-AJB.
 Before O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.
 Concurrence by Judge O'Scannlain
 ORDER AND AMENDED OPINION
 PER CURIAM.
 
 ORDER
 
 1
 The per curiam opinion filed on September 13, 2004, is amended to include a concurrence by Judge O'Scannlain.
 
 OPINION
 
 2
 On April 21, 2003, we filed a memorandum in this case. 63 Fed.Appx. 335 (9th Cir.2003). The Supreme Court granted certiorari, ___ U.S. ___, 124 S.Ct. 2386, 158 L.Ed.2d 960 (2004), and vacated and remanded for further consideration in light of Tennessee v. Lane, ___ U.S. ___, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). Upon due consideration, we conclude that our initial resolution of this case is consistent with Lane's holding, and we reissue our original disposition in per curiam form without further amendment.
 
 
 3
 * The State appeals the district court's denial of its motion for judgment on the pleadings based on Eleventh Amendment sovereign immunity. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.
 
 II
 
 4
 The denial of a state's motion for judgment on the pleadings on the grounds of Eleventh Amendment immunity is an interlocutory appeal and need not await final judgment. See Clark v. California, 123 F.3d 1267, 1269 (9th Cir.1997) ("This court has jurisdiction to hear an interlocutory appeal from an order denying a state's motion to dismiss on the ground of immunity under the Eleventh Amendment." (citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993))). The Respondent contends, however, that we must look at each case to determine whether the appeal involves a "serious and unsettled question of law." We disagree. We have never required such a showing for an interlocutory appeal of Eleventh Amendment immunity, see, e.g., Thomas v. Nakatani, 309 F.3d 1203, 1206-07 (9th Cir.2002), nor has the Supreme Court, see, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), and we decline to require such a showing at this time. Accordingly, we have jurisdiction over the State's appeal.
 
 
 5
 Our precedent clearly commands the conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA. See, e.g., Dare v. California, 191 F.3d 1167, 1175 (9th Cir.1999); Clark, 123 F.3d at 1270. And, although the State makes a valiant attempt to persuade us that the Supreme Court's decision in Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), requires us to revisit our precedent, we have already done so and have already rejected the State's claims. See Hason v. Med. Bd. of Cal., 279 F.3d 1167, 1171, reh'g en banc denied 294 F.3d 1166 (9th Cir. 2002), and cert. dismissed 538 U.S. 958, 123 S.Ct. 1779, 155 L.Ed.2d 508, 2003 WL 1792116 (U.S. April 7, 2003) (No. 02-479); Thomas v. Nakatani, 309 F.3d 1203, 1209 (9th Cir.2002) (stating that Hason reaffirmed Clark's and Dare's holding that Congress abrogated sovereign immunity under Title II); Lovell v. Chandler, 303 F.3d 1039, 1050-51 (9th Cir.2002) (same). We decline further review of our settled precedent.
 
 
 6
 Likewise, our precedent is clear that the State waived its Eleventh Amendment immunity under Section 504 of the Rehabilitation Act by accepting federal funds. See, e.g., Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 820, as amended, 271 F.3d 910 (9th Cir.2001), and reh'g en banc denied, 285 F.3d 1226 (9th Cir.2002). Again, the State points to "intervening Supreme Court precedent," this time College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 675-76, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), which it contends undermines our Eleventh Amendment waiver jurisprudence. Once again, we have already addressed the issue, reaffirming our precedent that a State waives Eleventh Amendment immunity by accepting federal funds. Vinson v. Thomas, 288 F.3d 1145, 1151 (9th Cir.2002) (reaffirming Douglas's holding that by accepting federal funds, a state waives its sovereign immunity); Lovell, 303 F.3d at 1051 (same). We find the State's claims without merit.
 
 
 7
 AFFIRMED and REMANDED.
 
 O'SCANNLAIN, Circuit Judge, concurring:
 
 8
 I agree that circuit precedent controls the outcome of this case. See Dare v. California, 191 F.3d 1167 (9th Cir.1999); Clark v. State of California, 123 F.3d 1267 (9th Cir.1997). I nevertheless write separately to stress that, even after Tennessee v. Lane, ___ U.S. ___, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004), a palpable tension continues to exist between our circuit's sovereign immunity jurisprudence and the Supreme Court's guidance on this issue. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1191 (9th Cir.2003) (O'Scannlain, J., concurring); Hason v. Med. Bd. of Cal., 294 F.3d 1166, 1167 (O'Scannlain, J., dissenting from denial of rehearing en banc).
 
 
 9
 Although the Court held in Lane that Title II of the Americans with Disabilities Act validly abrogates state sovereign immunity in the context of courthouse access, that narrow holding was reached by a circumspect analysis that is significantly more exacting than that employed by our circuit in Dare and Clark. ___ U.S. at ___, 124 S.Ct. at 1994. Indeed, the Lane Court placed significant emphasis upon the fact that courthouse access is a fundamental right that implicates not only disabled persons' entitlement to equal protection but also their due process rights and their rights under the First and Sixth Amendments. See id. at 1988. It is therefore open to question whether Title II validly abrogates state sovereign immunity where no such fundamental right is at issue. See id. at 1994 n. 20. A State may well retain its Eleventh Amendment immunity where a plaintiff premises a Title II claim solely upon an alleged equal protection violation and has not suffered the deprivation of any other constitutional right. Because Dare and Clark upheld the entirety of Title II without engaging in the nuanced, case-by-case analysis demanded by Lane, their continued vitality is uncertain. In the absence of en banc review, however, I acknowledge that these decisions remain binding on this panel and thus join in the per curiam opinion.