[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 02-13348

_____

D. C. Docket No. 98-00109-CV-6

TRACY MILLER,

Plaintiff-Appellant,

UNITED STATES OF AMERICA,

Intervenor,

versus

RONALD KING,

Defendant-Appellee,

WAYNE GARNER,
THE STATE OF GEORGIA,
THE GEORGIA DEPARTMENT OF CORRECTIONS,
JOHNNY SIKES,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 17, 2006)**

Before CARNES, HULL and HILL, Circuit Judges.

PER CURIAM:

In light of the Supreme Court's decision in United States v. Georgia, 546 U.S. ___, 126 S. Ct. 877 (2006), we vacate in full our prior opinion in Miller v. King, 384 F.3d 1248 (11th Cir. 2004), and substitute the following in its place.

## I. APPEAL

On appeal Tracy Miller ("Miller") argues that: (1) the jury's verdict on his due process and retaliation claims was not supported by substantial evidence; (2) the magistrate judge improperly conducted voir dire and lacked jurisdiction; (3) the magistrate judge and district court improperly denied Miller's motions for preliminary injunctions; and (4) the magistrate judge and district court erred in granting summary judgment to the defendants on his Eighth Amendment claims under 42 U.S.C. § 1983 and his claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (the "ADA").[1]  Except for the Eighth Amendment and ADA claims, these arguments lack merit and warrant no further discussion.  We thus turn to the grant of summary judgment to all defendants on

_____

[1]On appeal, Miller also contends that he is entitled to proceed under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).  This claim was never raised in the district court, and thus we do not consider it for the first time on appeal.  See Draper v. Reynolds, 369 F.3d 1270, 1274 n.5 (11th Cir.), cert. denied, 543 U.S. 988, 125 S. Ct. 507 (2004).

2

Miller's Eighth Amendment and ADA claims.[2]

As to Miller's Eighth Amendment and ADA claims, Miller's pro se complaint and amended complaint make voluminous claims and, as noted in our prior opinion, many of his claims are unintelligible or nonsensical, but a few claims are intelligible and potentially viable. However, the analytical difficulties created by Miller's pro se pleadings are now heightened by the Supreme Court's decision in Georgia, which indicates that it is important for lower courts to determine on a claim-by-claim basis (1) which aspects of the State's alleged conduct violate Title II; (2) to what extent such alleged misconduct also violates the Constitution; and (3) whether such alleged misconduct violates Title II but does not violate the Constitution. Georgia, 546 U.S. at ___, 126 S. Ct. at 882. It is unclear from Miller's pro se pleadings whether he asserts any Title II claims premised on conduct that does not independently violate the Eighth Amendment, which makes the analysis required by Georgia impossible.

In sum, given the Supreme Court's intervening decision in Georgia, the current status of Miller's pro se pleadings and his now being represented by

---

[2]"We review the district court's rulings on motions for summary judgment de novo, applying the same legal standards that bound the district court." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1279 (11th Cir. 2004). This Court, like the trial court, must view all evidence and all factual inferences therefrom in the light most favorable to the non-moving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

counsel,[3] we conclude that this case should be remanded to the district court for Miller to amend his complaint so that the proper claim-by-claim analysis can be undertaken. Thus, we (1) vacate the district court's February 25, 2000 order to the extent that order granted summary judgment on Miller's Eighth Amendment claims against defendant Sikes individually and in his official capacity, (2) vacate the magistrate judge's January 29, 2002 order to the extent it granted summary judgment on Miller's ADA claims against defendants Sikes in his official capacity, the State of Georgia, and the Department of Corrections, and (3) remand this case to the district court with instructions to permit Miller to amend his complaint and then for further proceedings consistent with the Supreme Court's decision in Georgia.

In his amended complaint, Miller shall specify on a claim-by-claim basis and in separate counts (1) the specific conduct he alleges violates the Eighth Amendment and is actionable under 42 U.S.C. § 1983; (2) to what extent the alleged conduct underlying Miller's constitutional claims also violates Title II of the ADA; (3) what specific conduct allegedly violates Title II of the ADA but does not violate the Eighth Amendment; (4) as to his Eighth Amendment claims under

---

[3]Miller filed his complaints pro se and remained pro se until this Court appointed him pro bono counsel on appeal. Counsel has advised this Court that counsel is willing to continue to represent Miller on remand in the district court, and thus the district court should enter an appointment order on remand.

4

§ 1983, whether the defendant Warden Sikes is sued individually or in an official capacity or both; and (5) as to his ADA claims, whether the claim is brought against defendant Sikes in his official capacity, the defendant State of Georgia, and/or the defendant Department of Corrections. After Miller files his amended complaint in the district court, defendants Sikes, the State of Georgia, and the Georgia Department of Corrections shall be given a reasonable opportunity to file new motions to dismiss or for summary judgment, which the district court in the first instance shall adjudicate consistent with the Supreme Court's decision in Georgia.[4]

In sum, except for Miller's Eighth Amendment and ADA claims against defendant Sikes and his ADA claims against the defendants State of Georgia and the Georgia Department of Corrections, as to which we vacate and remand as described above, we affirm as to all claims as to all defendants. We remand this case to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED and REMANDED IN PART.**

---

[4]We do not express any opinion about the merits of Miller's claims or as to what person or entity is the proper defendant on Miller's remaining claims. We leave all of those issues to be decided by the district court in the first instance.