[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13229
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00202-HL-MSH

KENNETH L. INMAN,

Plaintiff-Appellant,

versus

STATE BAR OF GEORGIA,
WILLIAM P. SMITH, III,
Attorney,
ROBERT E. MCCORMACK,
Attorney,
PAULA J. FREDERICK,
Attorney,
CHRISTINA PETRIG,
Attorney, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 15, 2015)

Before MARCUS, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Kenneth Inman, a Georgia state prisoner serving a total life sentence for felony murder and other offenses, appeals pro se the district court's dismissal of his civil rights Section 1983 complaint against the State Bar of Georgia ("State Bar"), William P. Smith, III, Robert E. McCormack, Paula J. Frederick, Christina Petrig, Howard Simms, Cliffton Woody, Joe Maccione, Paul Christian, Ray H. Shouse, Terry Deese, and Laurens C. Lee. The case arises out of Inman's claims that his former defense attorneys, through an unlicensed investigator who burglarized his house, leaked information to the district attorney's office that lead to Inman's prosecution. He also claims that the State Bar held a hearing based on his complaints about his counsel, but the State Bar's counsel did not notify the court in which his criminal case was pending about the alleged misconduct. The district court dismissed the complaint for failure to state a claim, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(b)(1). On appeal, Inman argues that: (1) the State Bar's counsel violated his constitutional rights by not reporting what they learned in its disciplinary hearing; (2) the state violated his due process rights by using privileged information against him at trial, and vindictively sought the death penalty against him; and (3) the state failed to

2

prosecute the investigator in violation of his due process rights.  After thorough review, we affirm.

A district court's decision to dismiss for failure to state a claim under § 1915A is reviewed de novo, taking the allegations in the complaint as true.  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  If a pro se appellant fails to raise and develop an issue in an initial brief, he abandons that issue on appeal.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that although pleadings filed by a pro se litigant are construed liberally, any issues not meaningfully addressed in the initial brief are abandoned). We will not consider a claim not raised before the district court, even where the appellant was proceeding pro se below.  See Miller v. King, 449 F.3d 1149, 1150 n.1 (11th Cir. 2006).

The PLRA provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Upon review, the court must identify cognizable claims, or dismiss the complaint or any portions of it that are frivolous, are malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b).  A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  Jones v.

Bock, 549 U.S. 199, 215 (2007).  The standards that apply to a dismissal under Fed.R.Civ.P. 12(b)(6) apply to a dismissal under § 1915A(b)(1).  See id. at 215-16.

Section 1983 does not contain a statute of limitations; therefore courts must select and apply the most analogous state statute of limitations to § 1983 claims. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  In Georgia, the proper limitations period for all § 1983 claims is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.  Id.  The statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996).

> The Supreme Court has held that:
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id.

4

A private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another. Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987). A complaint fails to state a claim if it does not state with minimal particularity how overt acts of a defendant caused a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).

In this appeal, Inman's brief abandons his claims against his defense attorneys, Maccione and Christian, and their investigator, Shouse. Timson, 518 F.3d at 874. He also asserts a vindictive prosecution argument that he did not make below, but we will not entertain a claim brought for the first time on appeal. See Miller, 449 F.3d at 1150 n.1.

As for Inman's claims arising from the State Bar disciplinary hearing and his subsequent criminal trial, those events occurred in 2007 and 2008, so the district court correctly determined that the claims were time-barred. Inman filed his complaint in 2014, long after the expiration of the relevant two-year statute of limitations. Williams, 794 F.2d at 626. While Inman's complaint made a passing reference to newly discovered evidence, he did not describe the evidence or explain why he could not have discovered it acting as a person with reasonably prudent regard for his rights -- especially since the new evidence was apparently the transcript of the State Bar disciplinary hearing, which was caused by Inman's own Bar complaint. Rozar, 85 F.3d at 561-62. In any event, as the district court

concluded, even if his claim that prosecutors violated his constitutional rights by engaging in prosecutorial misconduct was not time-barred, it was barred by Heck, because the claim would necessarily imply the invalidity of his criminal convictions, which have not been set aside.  Heck, 512 U.S. at 486-87.

Nor did the district court err in dismissing Inman's claim that the failure to prosecute the investigator violated his due process rights.  As we've well established, Inman does not have a judicially cognizable interest in the prosecution or non-prosecution of another.  Otero, 832 F.2d at 141.  Finally, as for his argument about Assistant District Attorney Bobbit, Inman did not make any actual allegations against her, so he did not state a claim against her.  Douglas, 535 F.3d at 1322.  Even if we were to liberally construe the pleading to allege the same facts against her as those alleged against the other defendants, his claim still fails for the reasons we've already discussed.

**AFFIRMED**.