MEMORANDUM *
J.C. and his mother, W.P., appeal from an adverse summary judgment dismissing claims that J.C. was wrongfully denied admission to Fammatre Charter Elementary School because of his 'disability. The district court granted summary judgment to the defendant school, school district, and school employees on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. The district court correctly granted summary judgment on J.C.’s ADA and Rehabilitation Act claims because J.C. has failed to raise an issue of material fact on causation. Under the ADA, J.C. is required to show that he was denied admission “by reason of his disability.” 42 U.S.C. § 12132. The Rehabilitation Act similarly requires J.C. to show that he was denied admission “solely by reason of ... his disability.” 29 U.S.C. § 794(a). J.C. has not presented admissible evidence that raises a genuine issue of material fact that supports his theory, that, the school’s admission decision was motivated by disability discrimination. To the contrary, the evidence shows that J.C. was denied admission pursuant to a valid admissions policy.
Regardless of whether the school defendants were required to give preference to existing students under California Education Code § 47605(d), Fammatre’s enrollment policy explicitly gave preference to existing students. The definition of “existing students” under Fammatre’s enrollment policy, however, reasonably excluded students like J.C., who move out of district while attending Fammatre. After the school district determined that the second grade class at Fammatre was at-capacity for budget reasons, the district’s’ decision *654 not to admit students on the waiting list, including J.C., was reasonable and not based on discrimination. J.C.’s allegations of a strained relationship between his mother and the school, isolated negative interactions between J.C., W.P. and school personnel, and the process by which W.P. learned that J.C. would need to apply as a transfer student, do not substantiate 'an allegation of disability discrimination. Because J.C. has not raised an issue of material fact on the causation element of his ADA and Rehabilitation Act claims, summary judgment was properly granted.
2. J.C. concedes on appeal that his state tort claims depend on his ADA and Rehabilitation Act claims. Because summary judgment was properly granted on those claims, we affirm the summary dismissal of J.C.’s state tort claims as well.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.