[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11830

Non-Argument Calendar

_____

ADAM HULBERT,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
GEORGE C. SIMPSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-01009-MHH

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Adam Hulbert appeals *pro se* the dismissal of his amended complaint against Judge George Simpson of the Circuit Court of Shelby County, Alabama. *See* 42 U.S.C. § 1983. Hulbert has abandoned any challenge he could have made to the dismissal of his complaint against the United States. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). The district court ruled that Judge Simpson had absolute judicial immunity from suit for his judicial acts while presiding over Hulbert's divorce and child-custody proceedings. We affirm.

Hulbert complained of negligence and of the violation of his rights to free speech and to petition for a redress of grievances under the First Amendment, his right to due process under the Fifth and Fourteenth Amendments, and his right to avoid "needless pain and extreme suffering" under the Eighth Amendment. Hulbert alleged that the judge dismissed his petition to modify, "ignored . . . Hulbert's twin children" and "evidence of dangerous hacking . . . of [his] private email box," denied him a "fair divorce trial," violated the Rules of Civil Procedure, and "continue[d] to take [his] children away." Hulbert sought damages of $15 million.

We review *de novo* the dismissal of Hulbert's amended complaint. *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001).

We "determine whether the complaint alleges a clearly established constitutional violation[ by] accepting the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting our review to the four corners of the complaint." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

The district court correctly dismissed Hulbert's amended complaint against Judge Simpson. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). And "[a] judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Judge Simpson enjoyed absolute immunity from suit for his judicial acts in adjudicating Hulbert's domestic relations case.

Hulbert was not entitled to a default judgment against Judge Simpson. A default judgment is appropriate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Hulbert served process on Judge Simpson on August 3, 2020, and Judge Simpson timely moved to dismiss the complaint on August 25, 2020.

Hulbert makes several arguments that are not properly before us. Hulbert argues that he "allege[d] a deprivation of rights under . . . The Religious Freedom Restoration Act" and requests

injunctive relief, but because neither subject was mentioned in his amended complaint, we will not consider them for the first time on appeal. *See Miller v. King*, 449 F.3d 1149, 1150 (11th Cir. 2006). We also cannot consider Hulbert's argument about wrongdoing by the "Shelby County Courthouse Government Agency" because he did not name that entity as a defendant in his amended complaint. Nor can we consider Hulbert's new factual allegations about the denial of procedural and substantive due process, breach of contract, or violation of fiduciary duties. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330–32 (11th Cir. 2004). Hulbert also challenges the outcome of his divorce and child-custody proceedings, but the district court would have lacked jurisdiction to review the judgment of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

We **AFFIRM** the dismissal of Hulbert's amended complaint. We also **DENY** Hulbert's motion for oral argument because it is unnecessary to resolve his appeal. *See* Fed. R. App. P. 34(a)(2).