**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN KOHN, | No. 20-17316 |
| *Plaintiff-Appellant*, | |
| | D.C. No. 4:20-cv-04827-PJH |
| v. | |
| STATE BAR OF CALIFORNIA; CALIFORNIA COMMITTEE OF BAR EXAMINERS, and Their Agents in Their Official Capacity, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted October 15, 2024[*]
San Francisco, California

Filed October 21, 2024

Before: Kim McLane Wardlaw, Consuelo M. Callahan,
and Jacqueline H. Nguyen, Circuit Judges

Opinion by Judge Wardlaw

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Eleventh Amendment Immunity

On remand from the en banc court, the panel vacated the district court's dismissal of Benjamin Kohn's claims that the State Bar of California's refusal to provide him certain test-taking accommodations violated Title II of the Americans with Disabilities Act, and remanded to the district court for further proceedings.

The district court dismissed Kohn's Title II claims on Eleventh Amendment immunity grounds. The en banc court reaffirmed that the California State Bar enjoys Eleventh Amendment immunity in federal court. On remand to the three-judge panel, Kohn asserted that under *Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791 (9th Cir. 2004), Title II validly abrogates the State Bar's Eleventh Amendment immunity as to his claims. The panel held that intervening Supreme Court precedent in *United States v. Georgia*, 546 U.S. 151 (2006), overruled *Phiffer* and requires courts to analyze on a claim-by-claim basis whether Title II validly abrogates state sovereign immunity as to the specific class of conduct at issue. The panel concluded that the district court properly recognized the need to engage in the case-specific analysis outlined by *Georgia*, but the district court misapplied the *Georgia* inquiry. The panel therefore vacated the district court's abrogation analysis and remanded for further consideration.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel addressed additional issues in a concurrently filed memorandum disposition.

**COUNSEL**

Gregory R. Michael (argued) and Dorothy C. Yamamoto, Michael Yamamoto LLP, Berkeley, California, for Plaintiff-Appellant.

Brady R. Dewar (argued), Rita K. Himes, Robert G. Retana, Ellin Davtyan, and Jean R. Krasilnikoff, Office of the General Counsel, State Bar of California, San Francisco, California; Kirsten Galler, Office of the General Counsel, State Bar of California, Los Angeles, California; for Defendants-Appellees.

Jinny Kim and Claudia Center, Disability Rights Advocates, Berkeley, California; Laura A. Scalia, Legal Aid at Work, San Francisco; for Amici Curiae Disability Rights Education and Defense Fund, Legal Aid at Work, et al..

Julian Sarkar, SarkarLaw, San Francsico, California, for Amicus Curiae SarkarLaw.

# OPINION

WARDLAW, Circuit Judge:

Benjamin Kohn, a licensed attorney, brings a civil rights lawsuit against the State Bar of California contending that the State Bar's refusal to provide him certain test-taking accommodations violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; sections of the California Government Code, Cal. Gov't Code §§ 11135 et seq., 12944 et seq.; and California's Unruh Civil Rights Act, Cal. Civ. Code § 51(f).[1]  The district court dismissed Kohn's Title II claims on Eleventh Amendment immunity grounds. *See Kohn v. State Bar of California*, 497 F. Supp. 3d 526 (N.D. Cal. 2020) ("*Kohn I*").  On appeal, Kohn initially contended that the State Bar is not an "arm of the state," and thus can be sued without restriction.  We took up this question en banc, and reaffirmed that the California State Bar enjoys Eleventh Amendment immunity in federal court.  *See Kohn v. State Bar of California*, 87 F.4th 1021, 1037–38 (9th Cir. 2023) (en banc) ("*Kohn II*").

The en banc court remanded the remaining questions presented in Kohn's appeal to our three-judge panel.  *See id.* at 1038.  We now consider Kohn's alternative contention that Title II of the ADA validly abrogates the State Bar's Eleventh Amendment immunity as to his claims.  Relying on our decision in *Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791 (9th Cir. 2004), Kohn asserts that

---

[1] We resolve Kohn's Title II claims here and address the remaining issues presented in Kohn's appeal in a concurrently filed memorandum disposition.

Title II validly abrogates the State Bar's immunity. However, we hold that the Supreme Court's decision in *United States v. Georgia*, 546 U.S. 151 (2006), abrogated *Phiffer* and requires courts to analyze on a claim-by-claim basis whether Title II validly abrogates state sovereign immunity as to the specific class of conduct at issue. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons explained below, we vacate the dismissal of Kohn's Title II claims and remand for further proceedings.

## I. STANDARD OF REVIEW

"We review de novo a dismissal on the basis of sovereign immunity." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016).

## II. DISCUSSION

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Longstanding Supreme Court precedent has interpreted this Amendment to immunize states from suit in federal court by citizens and noncitizens alike." *Kohn II*, 87 F.4th at 1025. However, Congress can abrogate this immunity if it (1) "makes its intention to abrogate unmistakably clear in the language of the statute" and (2) "acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003). Kohn contends that Title II of the ADA meets these criteria.

Title II meets the first criterion. Title II provides that "no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  In enacting the statute, Congress unequivocally expressed an intent to abrogate state sovereign immunity.  *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter."); *Georgia*, 546 U.S. at 154 (describing § 12202 as an "unequivocal expression of Congress's intent to abrogate state sovereign immunity").

The second, more complex inquiry is whether Congress enacted Title II "pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."  *Hibbs*, 538 U.S. at 726.  Congress may abrogate state sovereign immunity for both "actual violations of the rights guaranteed" in the Fourteenth Amendment as well as for "'a somewhat broader swath of conduct,' including acts constitutional in themselves" in order to deter unconstitutional conduct.  *Allen v. Cooper*, 589 U.S. 248, 260 (2020) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 81 (2000)).  For legislation that targets this "broader swath of conduct" to fall within Congress's Section 5 authority "'[t]here must be a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end.'"  *Id.* at 260–61 (quoting *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997)).

## A.

Citing our decision in *Phiffer*, Kohn argues that "this Court has held that Congress validly abrogated state sovereign immunity as to claims arising properly under Title

II." In *Phiffer*, we considered Title II as a whole and held that our precedent "clearly commands the conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA." 384 F.3d at 792. Indeed, we had previously and repeatedly held that Title II "was a congruent and proportional exercise of Congress's enforcement powers under § 5 of the Fourteenth Amendment that abrogated Eleventh Amendment immunity." *Dare v. California*, 191 F.3d 1167, 1175 (9th Cir. 1999); *Clark v. State of Cal.*, 123 F.3d 1267, 1269 (9th Cir. 1997) (describing Title II's abrogation of state sovereign immunity as "valid exercises of Congress's power under Section 5 of the Fourteenth Amendment").

In *Phiffer*, we also observed that our court had repeatedly rejected the argument that "the Supreme Court's decision in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), requires us to revisit our precedent" holding that Title II validly abrogates state sovereign immunity. 384 F.3d at 792 (citing *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1171, *reh'g en banc denied* 294 F.3d 1166 (9th Cir. 2002), *and cert. dismissed* 538 U.S. 958 (2003); *Thomas v. Nakatani*, 309 F.3d 1203, 1209 (9th Cir. 2002); *Lovell v. Chandler*, 303 F.3d 1039, 1050–51 (9th Cir. 2002)). *Garrett* held that the Eleventh Amendment barred claims for money damages against the states under Title I of the ADA, which addresses disability discrimination in employment. *See* 531 U.S. at 368 (explaining that "Congress' § 5 authority is appropriately exercised only in response to state transgressions" and finding that "[t]he legislative record of the ADA . . . fails to show that Congress did in fact identify a pattern of irrational state discrimination in employment against the disabled."). Because "[t]he *Garrett* Court expressly declined to decide whether

Congress validly abrogated state sovereign immunity in enacting Title II of the ADA," however, we held in *Hason* that "*Garrett* does not overrule either *Clark* or *Dare*." 279 F.3d at 1171. *See also Thomas*, 309 F.3d at 1209 (declining to revisit *Hason*); *Lovell*, 303 F.3d at 1050 (reiterating that "*Clark* and *Dare* are still good law" after *Garrett*).

After *Phiffer*, the Supreme Court decided *Georgia*, a case which raised the question of "whether a disabled inmate in a state prison may sue the State for money damages under Title II." 546 U.S. at 153. The Eleventh Circuit had dismissed the inmate's claims on Eleventh Amendment immunity grounds. *See id.* at 156. After granting certiorari to determine "whether Title II of the ADA validly abrogates state sovereign immunity with respect to the claims at issue," *id.*, the Supreme Court held that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Id.* at 159. Finding that "it is not clear precisely what conduct [the inmate] intended to allege in support of his Title II claims," and "it is likewise unclear to what extent the conduct underlying [his] constitutional claims also violated Title II," the Court declined to resolve "the scope of Congress's 'prophylactic' enforcement powers under § 5 of the Fourteenth Amendment." *Id.* at 158–59. The Court observed that some of the allegations at issue were "quite far afield from actual constitutional violations . . . or even Title II violations," and remanded to permit the plaintiff to amend the complaint. *Id.* at 159. The Court instructed that "[o]nce [the plaintiff's] complaint is amended, the lower courts will

be best situated to determine in the first instance, on a claim-by-claim basis," the following:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.*

Many of our sister circuits have read *Georgia* to establish a blueprint for the abrogation analysis: a three-part inquiry to be undertaken with respect to a specific "class of conduct" on a "claim-by-claim" basis. *See, e.g., Buchanan v. Maine*, 469 F.3d 158, 172 (1st Cir. 2006); *T.W. v. New York State Bd. of L. Examiners*, No. 22-1661, 2024 WL 3463499 at *5–6 (2d Cir. July 19, 2024); *Geness v. Admin. Off. of Pennsylvania Cts.*, 974 F.3d 263, 270 (3d Cir. 2020); *Block v. Texas Bd. of L. Examiners*, 952 F.3d 613, 617–18 (5th Cir. 2020); *Babcock v. Michigan*, 812 F.3d 531, 534–35 (6th Cir. 2016); *Klingler v. Dir., Dep't of Revenue, State of Mo.*, 455 F.3d 888, 893 (8th Cir. 2006); *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1168 (10th Cir. 2021); *Miller v. King*, 449 F.3d 1149, 1150–51 (11th Cir. 2006). This is in significant tension with our blanket holding in *Phiffer* that Title II validly abrogates state sovereign immunity in all of its applications.

Some district courts in our circuit have, in the wake of *Georgia*, "engaged in a case-by-case analysis to determine

whether a fundamental right is at issue and whether Title II validly abrogates state sovereign immunity." *Kohn I*, 497 F. Supp. 3d at 535 (collecting cases). Others, however, continue to apply *Phiffer* for the proposition that "[i]n the Ninth Circuit, state agencies are not entitled to Eleventh Amendment sovereign immunity from suit under Title II of the ADA." *See, e.g., Ellington v. California Dep't of Corr. & Reh.*, No. 20-cv-9116, 2021 WL 8875769 at *7 n.4 (C.D. Cal. Oct. 6, 2021). We have never explicitly addressed the status of *Phiffer* post-*Georgia*, though some members of our court have questioned *Phiffer*'s categorical holding both before and after *Georgia* was decided. *See Phiffer*, 384 F.3d at 793 (O'Scannlain, J., concurring) (reading *Tennessee v. Lane*, 541 U.S. 509 (2004) to require a "nuanced, case-by-case analysis"); *J.C. ex rel. W.P. v. Cambrian Sch. Dist.*, 648 F. App'x 652, 655 (9th Cir. 2016) (Wardlaw, J., concurring in part) (explaining that while "the ADA claim is not barred by Eleventh Amendment immunity under existing law," she would "remand for further consideration" in light of *Georgia*).

In our court, a three-judge panel may recognize prior precedent as overruled only when an intervening precedent of higher authority is "clearly irreconcilable" with the precedent. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). We find that *Georgia*'s claim-by-claim analysis is "clearly irreconcilable" with *Phiffer*'s categorical holding. We therefore conclude that *Phiffer* has been overruled by intervening Supreme Court precedent. Going forward, district courts must undertake the analysis set forth in *Georgia* to determine whether, in enacting Title II, Congress validly abrogated state sovereign immunity as to the specific class of conduct at issue.

## B.

Here, the district court properly recognized the need to engage in the case-specific analysis outlined by *Georgia*. However, because we conclude that the district court misapplied the *Georgia* inquiry, we vacate the district court's abrogation analysis and remand for further consideration.

The *Georgia* inquiry first asks courts to determine "which aspects of the State's alleged conduct violated Title II." 546 U.S. at 159. Here, the district court identified the conduct at issue, observing that "plaintiff alleges that the misconduct that violated Title II included excessively burdensome procedures to seek testing accommodations, delay in responding to his accommodation requests, and deliberate indifference by failing to provide reasonable accommodations for all of his prior sittings of the California Bar Exam." *Kohn I*, 497 F. Supp. 3d at 535–36. But the district court did not evaluate which aspects of the alleged conduct, if any, violated Title II. The district court then proceeded to the second part of the *Georgia* analysis and concluded that the alleged conduct did not violate the Fourteenth Amendment. *Id.* at 538. Finally, the district court concluded that the third part of *Georgia* was not satisfied either, explaining that "plaintiff has cited no authority demonstrating that, insofar as such misconduct violated only Title II, that Congress's purported abrogation of sovereign immunity is nevertheless valid." *Id.*

The district court did not answer the question of which, if any, of Kohn's allegations state a Title II claim. It also did not provide any reasoning supporting its conclusion that Congress did not prophylactically abrogate sovereign immunity as to Kohn's claims. The district court's *Georgia*

analysis thus focused only on the second part of the *Georgia* test, but this part of the *Georgia* test cannot stand alone as a reason to dismiss a claim on sovereign immunity grounds. Stated differently, it is not enough for the district court to hold that the complaint does not allege a constitutional violation and end there.  Even if the complaint does not allege a constitutional violation, "we must determine whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *See Klingler v. Director, Dept. of Revenue*, 455 F.3d 888, 894 (8th Cir. 2006) (quotation marks and citation omitted). The district court thus erred when it failed to determine "which aspects of the State's alleged conduct violated Title II." *Georgia*, 546 U.S. at 159.

We hold that while the district court is not bound to analyze the *Georgia* inquiry in any particular order, it cannot begin and end its analysis with the second part of the *Georgia* test.  Of course, if a plaintiff fails to state a claim under Title II, dismissal is appropriate.  The same is true if there is neither an alleged Fourteenth Amendment violation nor a prophylactic abrogation of state sovereign immunity for the "class of conduct" that violated Title II.**[2]**   The prophylactic abrogation analysis is fact-intensive, requiring a review of whether there is "congruence and proportionality

---

[2] In holding that courts may choose to conduct the *Georgia* analysis in any order it so chooses, we slightly differ from the approach of some of our sister circuits.  The First, Third, Fifth, and Tenth Circuits require courts to begin with the first part of *Georgia*'s test before proceeding to the second and third parts.  *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007); *Block v. Texas Bd. of Law Examiners*, 952 F.3d 613, 617, 618 n.12 (5th Cir. 2020); *Guttman v. Khalsa*, 446 F.3d 1027, 1036 (10th Cir. 2006).

between the injury to be prevented or remedied and the means adopted to that end." *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997), but the district court did not engage in this analysis, leaving us to guess which of Kohn's allegations, if any, were being considered for this "congruence and proportionality" inquiry.

We thus vacate the district court's dismissal of Kohn's Title II claims and remand for reconsideration consistent with this opinion. Moreover, the district court shall provide Kohn with the opportunity to amend his complaint before proceeding.

## III.  CONCLUSION

The district court's dismissal of Kohn's Title II claims is vacated.  We remand the suit for further proceedings.[3]

---

[3] The parties shall bear their own costs on appeal.