NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MOGAN, Attorney,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>STATE BAR OF CALIFORNIA; GEORGE CARDONA, in his official capacity as Chief Trial Counsel For the State Bar of California, and in his individual capacity; CHRISTOPHER JAGARD, in his official capacity as Deputy Chief Trial Counsel for the Office of the Chief Trial Counsel and in his individual capacity; KEVIN TAYLOR, in his in his official capacity as Assistant Chief Trial Counsel for the Office of the Chief Trial Counsel and in his individual capacity; ELIZABETH STINE, in her official capacity as Supervising Attorney and for the Office of the Chief Trial Counsel and in his individual capacity; LEAH T. WILSON, in her official capacity as the executive director for the State Bar Of California and in her individual capacity; RUBEN DURAN, in his official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; BRANDON STALLINGS, in his official capacity as a member of the State | No. 24-3492<br><br>D.C. No.<br>2:23-cv-00930-MWF-PD<br><br>MEMORANDUM* |

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Bar of California Board of Trustees and in his individual capacity; MARK BROUGHTON, in his official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; RAYMOND BUENAVENTURA, in his Official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; HAILYN CHEN, in her official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; JOSE CISNEROS, in his official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; SARAH GOOD, in his official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; GREGORY KNOLL, in his official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; MELANIE M. SHELBY, in her official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; ARNOLD SOWELL, Jr., in her official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; MARK W. TONEY, in his official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; GENARO TREJO, in his official capacity as a member of the State Bar of California Board of Trustees and in his individual capacity; Honorable PATRICIA GUERRERO, Chief Justice, Chief Justice of the California Supreme Court; CAROL CORRIGAN, Associate Justice of the California Supreme Court; GOODWIN LIU, Associate Justice of the California

24-3492

Supreme Court; LEONDRA R. KRUGER, Associate Justice of the California Supreme Court; JOSHUA P. GROBAN, Associate Justice of the California Supreme Court; MARTIN J. JENKINS, Associate Justice of the California Supreme Court; KELLI EVA, Associate Justice of the California Supreme Court,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 11, 2025[**]
Pasadena, California

Before: BYBEE, IKUTA, and FORREST, Circuit Judges.

Michael Mogan appeals the district court's grant of a motion to dismiss with prejudice in favor of the California State Bar and individual State Bar defendants. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016), except the decision to dismiss with prejudice, which we review for abuse of discretion, *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018), we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-3492

1. We first consider Mogan's claims under Title II of the Americans with Disabilities Act (ADA) against the State Bar and the individual defendants. "[T]he California State Bar is entitled to immunity from suit in federal court" as an arm of the state. *Kohn v. State Bar of Cal.* (*Kohn I*), 87 F.4th 1021, 1037–38 (9th Cir. 2023) (en banc). But "Congress can abrogate this immunity[.]" *Kohn v. State Bar of Cal.* (*Kohn II*), 119 F.4th 693, 696 (9th Cir. 2024). We consider whether Congress validly abrogated the State Bar's immunity by considering (1) whether Mogan pleaded a claim under Title II of the ADA; (2) whether the State Bar's alleged misconduct also violated the Fourteenth Amendment; and (3) "insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Id.* at 697–98 (quoting *United States v. Georgia*, 546 U.S. 151, 159 (2006)).

Mogan did not adequately plead a Title II claim because he failed to allege that any burdens imposed on him because of the State Bar's denial of his request for reasonable accommodations were different from or more than what a State Bar investigation would impose on a non-disabled individual. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Therefore, as to the Title II claim in this case, Congress did not validly abrogate the State Bar's sovereign immunity. *Georgia*, 546 U.S. at 159. And because Mogan did not adequately plead a Title II

4                                                                    24-3492

claim, the district court properly dismissed that claim against the individual defendants as well. For the same reason, Mogan failed to adequately plead a claim under § 504 of the Rehabilitation Act. *See Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (explaining that § 504 is "interpreted coextensively" with Title II "because there is no significant difference in the analysis of rights and obligations created by the two Acts") (citation omitted).

2.      Mogan's § 1983 right-of-privacy claim against the State Bar in his first amended complaint fails because Congress did not abrogate state sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). And the § 1983 claims in his second amended complaint against the individual defendants fail because he did not plead that any of the individual defendants personally participated in the deprivation of his constitutional rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Therefore, the district court properly dismissed the First Amendment and Equal Protection Clause claims that Mogan brought against the individual defendants under § 1983.

3.      Mogan argues that the State Bar violated his right to freedom of speech and freedom of assembly under the First Amendment by requiring him to join the State Bar and pay dues to fund the State Bar's "political and ideological speech." The State Bar's requirement that Mogan join it before practicing law in California does not violate his First Amendment rights. *See Crowe v. Or. State Bar*, 989 F.3d

5                                                        24-3492

714, 724 (9th Cir. 2021) (quoting *Keller v. State Bar of Cal.*, 496 U.S. 1, 13–14 (1990)). And the only examples Mogan gives of "political and ideological speech" concern the State Bar's engagement in, or statements about, attorney discipline. A reasonable observer likely would not conclude that, simply because he was a member of the State Bar, Mogan agreed with the State Bar's views on attorney discipline. *Crowe v. Or. State Bar*, 112 F.4th 1218, 1236–38 (9th Cir. 2024). And even if a reasonable observer would attribute such views to Mogan, any requirement that California attorneys associate with the State Bar's activities that are germane to regulating the legal profession—such as attorney discipline—survive exacting scrutiny. *Id.* at 1238–39. Therefore, Mogan has not plausibly pleaded a violation of his First Amendment rights to freedom of speech and freedom of assembly.

4. Mogan argues that the State Bar is not immune from antitrust liability under the Sherman Act. But the California State Bar is "an arm[] of the state and enjoy[s] sovereign immunity under the Eleventh Amendment," *Kohn I*, 87 F.4th at 1037–38, and the Sherman Act does not extend to the sovereign acts of state government, *Parker v. Brown*, 317 U.S. 341, 351–52 (1943). And to the extent that Mogan appeals the district court's dismissal of his antitrust claim against the individual defendants, the conclusory allegations in his second amended complaint are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5.      The district court did not abuse its discretion by failing to grant Mogan leave to amend his second amended complaint.  Amendment would be futile because sovereign immunity bars Mogan's claims against the State Bar, and Mogan fails to explain how he would cure the deficiencies in his claims against the individual defendants.  *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

**AFFIRMED.**