[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14129

Non-Argument Calendar

_____

STANLEY CICHOWSKI, JR.,
KEVIN CICHOWSKI,

Plaintiffs-Appellants,

*versus*

ANDREA K. TOTTEN,
Small claims judge, in official capacity,
THE FLORIDA BAR,
an organization,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-01181-TJC-MCR

_____

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Proceeding pro se, Kevin and Stanley Cichowski sued Judge Andrea Totten and the Florida Bar under 42 U.S.C. § 1983, alleging that Judge Totten violated Stanley's rights under the U.S. Constitution and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and that the Bar's rules concerning the unauthorized practice of law were unconstitutionally vague. The district court dismissed their complaint with prejudice, ruling that Judge Totten was entitled to absolute judicial immunity and that the Bar had Eleventh Amendment immunity. We affirmed that dismissal in May of 2024. *See Chichowski v. Totten*, No. 24-10195 (11th Cir. May 15, 2024) (*Chichowski I*).

After the Supreme Court denied certiorari in *Cichowski I*, the Cichowskis filed an emergency motion for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. They essentially asserted that immunity principles did not bar their claims against Judge Totten and the Bar. The district court denied their motion in a paperless order, explaining that the case was over because we had affirmed the dismissal of the complaint on appeal,

the mandate had issued, and the Supreme Court had denied certiorari.

The Cichowskis now appeal. In response, Judge Totten and the Bar move for summary affirmance, arguing that the law-of-the-case doctrine supports summarily affirming the order denying the Cichowskis' Rule 59(e)/Rule 60(b) motion because they failed to show a change in binding law or other circumstance that warranted relief.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. *See* 11th Cir. R. 31-1(c).

We "review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). The same standard applies to a district court's denial of a Rule 60(b) motion. *See Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly

erroneous findings of fact." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).

Parties cannot use a Rule 59(e) motion "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (motion for reconsideration); *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (Rule 59(e) motion). "The only grounds for granting a [Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 60(b) allows a court to relieve a party from final judgment for mistake, newly discovered evidence that could not have been discovered in time to move for a new trial, fraud, void judgment, a satisfied judgment, or any other reason that merits relief.

Under the law-of-the-case doctrine, findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the district court or in a later appeal unless there is new evidence, an intervening change in controlling law dictates a different result, or the appellate decision would cause manifest injustice because it is clearly erroneous. *See Stout by Stout v. Jefferson Bd. of Educ.*, 882 F.3d 988, 1014 (11th Cir. 2018).

We summarily affirm because Judge Totten and the Bar are clearly right as a matter of law that the district court did not abuse its discretion in denying the Cichowskis' Rule 59(e)/Rule 60(b)

motion in light of the law-of-the-case doctrine. *See Groendyke Transp., Inc.*, 406 F.2d at 1162; *Shuford*, 508 F.3d at 1341; *Cox Nuclear Pharmacy*, 478 F.3d at 1314; *Stout*, 882 F.3d at 1014. We ruled in *Cichowksi I* that Judge Totten was entitled to judicial immunity and that the Bar was entitled to Eleventh Amendment immunity, and those determinations are the law of the case. *See Stout*, 882 F.3d at 1014.

As to Judge Totten, the Cichowskis have not challenged our prior determination that she was entitled to judicial immunity. With respect to the Bar, the Cichowskis cite to *Kohn v. State Bar of Cal.*, 119 F.4th 693 (9th Cir. 2024), *petition for cert. filed*, (U.S. April 3, 2025) (No. 24-6921), but that Ninth Circuit decision does not constitute an intervening change in controlling law because it is not binding upon us. *See Stout*, 882 F.3d at 1014; *In re Kellogg*, 197 F.3d at 1119.

Because the underlying judgment (i.e., the order of dismissal) was fully litigated and affirmed by our court in *Cichowski I*, and because the Cichowskis have not cited any applicable exception to the law-of-the-case doctrine, it is clear as a matter of law that the district court correctly denied their motion for reconsideration. *See Stout*, 882 F.3d at 1014. Accordingly, we grant the motion for summary affirmance filed by Judge Totten and the Bar and deny their motion to stay the briefing schedule as moot. *See Groendyke Transp.*, Inc., 406 F.2d at 1162.

**AFFIRMED.**